# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, <br><br> *Plaintiff*, <br><br> v. <br><br> KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS, <br><br> *Defendant*. | CASE NO. 1:25-CV-01660-RP |

## KEN PAXTON'S ORIGINAL ANSWER

Defendant Ken Paxton, in his official capacity as Attorney General of Texas files this Answer and Affirmative Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1).

Pursuant to Fed. R. Civ. P. 8(d), Defendant denies each and every allegation contained in Plaintiffs' Complaint with the exception of what is expressly admitted below.

The headings and numbered paragraphs below correspond to the sections and numbered paragraphs of the Plaintiffs' Complaint. Such headings are reproduced in this Answer solely for organizational purposes, and Defendant does not admit any matter contained in those headings.

**DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant denies that plaintiffs are entitled to any of the relief mentioned herein.

### I.     Introduction

1. Defendant admits that S.B. 2420, as codified at Tex. Bus. & Com. Code §§ 121.001 *et seq.*, is reproduced accurately in Plaintiffs' Exhibit A. Defendant denies the remaining allegations in this paragraph.

2. Denied.

3. Defendant lacks knowledge or sufficient information to form a belief about the truth of statements about CCIA in this paragraph and therefore denies them. Defendant denies the remaining allegations in this paragraph.

4. Denied.

5. Denied.

6. Defendant admits that the short quotation from *Butler v. Michigan is* accurately transcribed. Defendant denies the remaining allegations in this paragraph.

7. Denied.

8. Denied.

9. Denied.

10. Defendant admits that H.B. 1181 is designed to prevent minors from accessing online content that is obscene as to minors. Defendant denies the remaining allegations in this paragraph.

11. Denied.

12. Denied.

13. Defendant denies that Plaintiff is entitled to the relief requested.

### II.     Parties

14. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

15. Defendant admits that the language of the quotes used can be found in the text of S.B. 2420. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

16. Admit.

### III.   Standing

17. Defendant admits that CCIA purports to challenge S.B. 2420 on the basis of associational standing. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore deny them.

18. Denied.

19. Defendant admits that the several quotes used in this paragraph are accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

20. Defendant admits that the quote used in this paragraph is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

21. Defendant admits that the quotes used in this paragraph are accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

22. Defendant admits that the quote used in this paragraph is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

### IV.   Jurisdiction & Venue

23. Defendant denies that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a). Defendant admits that Plaintiffs purport

to assert claims for relief under 42 U.S.C. §§ 1983 and 1988, 28 U.S.C. § 1651 and *Ex parte Young*, 209 U.S. 123 (1908), and 28 U.S.C. § 2201(a), but denies that any such claims against Defendant are valid or legally cognizable and denies the remaining allegations in this paragraph.

24. Defendant admits that this Court has personal jurisdiction over Defendant, and that venue is proper in this district.

## V. Background & Factual Allegations

25. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

26. Defendant admits that the quote used in this paragraph is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

27. Defendant admits that the quote used in this paragraph is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

28. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

29. Defendant admits that plaintiffs provide a list of apps. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of these allegations, and therefore denies them.

30. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

31. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

32. Defendant admits that at least *some* app stores and apps have "policies and voluntary tools to help protect minors from inappropriate speech." Defendant lacks

33.     knowledge or sufficient information to form a belief about the truth of the remainder of these allegations, and therefore denies them.

33. Defendant admits that app stores have different age-rating systems and categories, and that Google Play Store and the Apple App Store utilize two different app rating standards. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of these allegations, and therefore denies them.

34. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

35. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

36. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

37. Defendant admits that the Apple and Google app stores provide some voluntary tools for parents which purport to control parents' children's exposure to apps and content therein. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of these allegations, and therefore denies them.

38. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

39. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations, and therefore denies them.

### VI. Texas S.B. 2420: Relevant Provisions

40. Admit.
41. Admit.
42. Admit.
43. Denied.

44. Denied.

45. Denied.

46. Admit.

47. Defendant admits that, under S.B. 2420, app stores must obtain parental consent prior to each instance of permitting a minor user to make in-app purchases, and for permission to continue using an app when "significant change[s]" have been made to that app. Defendant admits that developers are require to provide notice to app stores before making any such "significant change[s]" to their apps or the associated terms of service or privacy policies of those apps. Defendant denies Plaintiffs' characterization of the requirements of S.B. 2420 beyond what is admitted above.

48. Defendant admits that S.B. 2420 requires app developers to assign age ratings to apps and purchases therein, and to furnish those ratings to the app store. Defendant admits that app stores must display age ratings, and that these ratings are split into four categories. Defendant admits that developers and app stores may be held liable for "knowingly misrepresent[ing]" the age rating assigned to an app or purchase. Defendant denies Plaintiffs' characterization of the requirements of S.B. 2420 beyond what is admitted above.

49. Defendant admits that the quote used in this paragraph is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.

50. Denied.

51. Denied.

52. Denied

53. Denied.

54. Denied.

55. Denied.

56. Defendant admits that S.B. 2420 requires minor users to obtain parental consent prior to purchasing mobile apps, making in-app purchases, or using the app after the terms of use or privacy policy have been significantly changed. Defendant denies the remainder of the allegations in this paragraph.

57. Defendant admits that S.B. 2420 requires app stores to allow app developers to access a user's age category and consent status, and that developers are required to securely delete this information after completing verification. Defendant denies the remainder of the allegations in this paragraph.

58. Denied.

59. Denied.

60. Denied.

61. Defendant admits that the short quote used in this paragraph is transcribed correctly. Defendant denies the remainder of the allegations in this paragraph.

62. Denied.

63. Defendant admits that the short quote used in this paragraph is transcribed correctly. Defendant denies the remainder of the allegations in this paragraph.

64. Defendant admits that S.B. 2420 requires app stores and developers to identify users' ages within four categories. Defendant denies the remainder of the allegations in this paragraph.

65. Defendant admits that app developers and app stores may be liable under the Act for knowingly misrepresenting the age rating of a given app or in-app purchase. Defendant denies the remainder of the allegations in this paragraph.

66. Denied.

67. Denied.

### VII.  Claims

68. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.
69. Defendant admits that the quotations used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.
70. Defendant admits that the quotations used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.
71. Denied.

### COUNT I

72. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.
73. Denied.
74. Denied.
75. Denied.
76. Denied.
77. Denied.
78. Denied.
79. Defendant admits that the quotation used is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.
80. Denied.
81. Denied.
82. Denied.
83. Denied.
84. Denied.
85. Denied.
86. Denied.
87. Denied.
88. Denied.

89. Denied.
90. Denied.
91. Defendant admits that the quotation used is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.
92. Denied.
93. Denied.
94. Denied.

## COUNT II

95. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.
96. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations and therefore denies them.
97. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations and therefore denies them.
98. Defendant admits that the quotation used is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.
99. Denied.
100. Defendant admits that the language quoted from S.B. 2420 is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.
101. Denied.
102. Denied.
103. Denied.
104. Denied.

## COUNT III

105. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.
106. Defendant admits that S.B. 2420 requires app developers to assign apps and purchases an age rating based on four categories, to inform app stores when the age category of an app or its content pertinent to such a rating is changed, and that developers may be held liable for knowingly misrepresenting an age rating. Defendant denies Plaintiffs' subjective characterization of these requirements, along with the remainder of this paragraph.
107. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations and therefore denies them.
108. Defendant admits that S.B. 2420 requires that the Act's content ratings must be used for procuring parental consent for every app download and in-app purchase. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.
109. Defendant admits that S.B. 2420 requires app stores and app developers to age rate in-app purchases. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in the remainder of this paragraph and therefore denies them.
110. Defendant admits that the quotations used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.
111. Defendant admits that the quotations used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.
112. Defendant admits that the quotations used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.
113. Denied.
114. Denied.

115. Denied.

116. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations and therefore denies them.

117. Denied.

### COUNT IV

118. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

119. Admit.

120. Admit.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

### COUNT V

126. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

127. Denied.

128. Defendant admits that the quotation used is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

129. Denied.

130. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations and therefore denies them.

131. Denied.

132. Defendant admits that the language quoted from S.B. 2420 is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

## COUNT VI

133. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

134. Admit.

135. Defendant admits that the quotation used is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

136. Denied.

137. Defendant admits that the quotation used is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

138. Denied.

## COUNT VII

139. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

## COUNT VIII

146. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

147. Defendant admits that federal courts have the power to enjoin unlawful actions by state officials. Defendant denies the remainder of the allegations in this paragraph.

148. Denied.

## COUNT IX

149. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

150. Denied.

151. Admit.

152. Denied.

### VIII.   Prayer for Relief

A. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

B. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

C. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

D. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

E. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

F. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

G. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

H. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

I. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following and other defenses to the claims raised in Plaintiffs' Complaint:

1. This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Complaint.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Defendant asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

4. Pursuant to 42 U.S.C. § 1988(b), Defendant will be entitled to recover attorney's fees if he is the prevailing party.

5. Defendant reserves the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

| | |
|---|---|
| Date: December 15, 2025 | Respectfully submitted. |
| **KEN PAXTON**<br>Attorney General | /s/ *Zachary W. Berg*<br>**ZACHARY W. BERG**<br>Special Counsel<br>Texas Bar No. 24107706 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | **STEVEN B. LOOMIS**<br>Special Counsel<br>Texas Bar No. 00793177 |
| **RYAN D. WALTERS**<br>Deputy Attorney General for Legal Strategy | **OFFICE OF THE ATTORNEY GENERAL OF TEXAS**<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>zachary.berg@oag.texas.gov<br>steven.loomis@oag.texas.gov |
| **RYAN G. KERCHER**<br>Chief, Special Litigation Division<br>Texas Bar No. 24060998 | |
| | **COUNSEL FOR DEFENDANT PAXTON** |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 15, 2025 and that all counsel of record were served by CM/ECF.

/s/ *Zachary W. Berg*
**ZACHARY W. BERG**